■ Jonathan Marte et al., Appellants, v 1090 University Avenue, LLC, Respondent, et al., Defendants. [856 NYS2d 559]—

Judgment, Supreme Court, New York County (Jane S. Solo-

mon, J.), entered March 30, 2006, dismissing the complaint, and bringing up for review an order, same court and Justice, entered February 7, 2006, which granted defendant 1090 University Avenue's cross motion for summary judgment, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The infant plaintiffs moved into the subject apartment in July 1994. On March 17, 1995, the New York City Department of Health issued an abatement order identifying one area in the apartment as having lead in excessive levels. It is uncontested that the lead was immediately abated. The current landlord of the building in question, defendant 1090 University Avenue, acquired the property on March 23, 1995. On May 10, 1995, the Department of Health issued a report confirming that the violation had been corrected. No subsequent lead paint violations were issued, and plaintiffs have failed to present evidence sufficient to raise a triable issue of fact concerning their allegation that the abatement order did not identify all areas in the apartment containing lead paint in unlawful levels. Accordingly, the court properly found that 1090 University Avenue, as a matter of law, acted reasonably under the circumstances and discharged its duty of care (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 644 [1996]). Concur—Mazzarelli, J.P., Saxe, Friedman and Nardelli, JJ.